Wyly, J.
Plaintiffs, who are the lessees of the public markets in the city of Shreveport, and who under their contract with the city “ have the exclusive right to collect all market dues within the present limits of Shreveport as per tariff now in force during the lease,” have brought this suit against the defendants, who are keepers of a private market, for $10,000 damages for keeping said market, and they sued out an injunction restraining them from pursuing said occupation.
No damages have been proved in this case, and the defendants have not refused to pay plaintiffs, when required, market dues as per tariff now in force. Since opening the private market, plaintiffs have not demanded of defendants market dues.
For carrying on a private market in contravention of the ordinances of the city of Shreveport, the defendants may be responsible to said city on account thereof. But plaintiffs have no.right to sue to enforce the ordinances of this political corporation. Nor can the validity of the said ordinances be tested in this controversy to which the city of Shreveport is not a party. Nor can the validity of the contract between the city of Shreveport and the plaintiffs and the extent of the rights of the latter thereunder be determined in this suit; because the city of Shreveport is not a party and defendants are strangers to said contract. If the ordinances prohibiting private markets be valid, defendants have no interest in contesting with plaintiffs in regard to the extent of their rights, resulting from their contracts with the city of Shreveport.
If said ordinances on the other hand be held invalid, still defendants are in no manner concerned in regard to the contracts between plaintiffs and the city of Shreveport. Therefore the only inquiry in relation to defendants’ right to keep a private market is, are the ordinances of the c;ty prohibiting it valid or invalid; and this question, as before remarked, can not be determined in this suit, because the city of Shreveport, the party whose rights and authority under the charter are questioned, is not before the court.
*620 It is therefore ordered that the judgment herein be set aside, and it is decreed that the demand of plaintiffs be rejected with costs of both courts.
Rehearing refused.